*E-FILED 09-15-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIG SUR, INC., | No. C10-04002 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| VIRGILIO L. ORCILLA, TEODORA R. ORCILLA, DOES I through V, inclusive, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

On September 7, 2010, pro se defendants Virgilio L. Orcilla and Teodora R. Orcilla removed this case from Santa Clara County Superior Court. They also seek leave to proceed *in forma pauperis* (IFP). For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the [litigant's] financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Defendants' IFP applications indicate that their assets and income are insufficient to enable them to pay the filing fee. Accordingly, their applications to proceed without the payment of the filing fee should be granted.

United States District Court
For the Northern District of California

However, the court's grant of the IFP applications does not mean that defendants may continue with this action here.  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, if the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.  FED. R. CIV. P. 12(h)(3).

The record presented indicates that plaintiff Big Sur, Inc. filed this unlawful detainer action on August 12, 2010 in Santa Clara County Superior Court.  According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in or about May 24, 2010. (Complaint, ¶ 4).  The complaint further alleges that on May 24, 2010 plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (*Id.* ¶¶ 5-6).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand."  28 U.S.C. § 1446(c)(4) (emphasis added).  These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal is proper.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action.  *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  *Id.* at 1273.

Defendants fail to support their assertion that this action arises under federal law.  Here, they assert that the underlying trustee's sale was illegal. (Notice of Removal, ¶ 2).  They further

suggest that the unlawful detainer action is related to their federal complaint filed in *Orcilla v. Bank of America, et al.*, C10-03931 HRL. (*Id.* ¶ 5). However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[1] *See* 28 U.S.C. § 1332(a).

    Because defendants have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated:    September 15, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants do not establish diversity of citizenship in their removal notice, and a review of the complaint shows that it specifies that the amount of claimed damages is "under $10,000.00." (Complaint at 1). Plaintiff otherwise seeks judgment only for possession of the property and the costs of suit. (*Id.* at 3.) In addition, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

1  5:10-cv-04002-HRL Notice mailed to:

2  Todd Rothbard
   4261 Norwalk Drive #107
3  San Jose, CA 95129

4  Virgilio Orcilla
   2975 Winwood Way
5  San Jose, CA 95148

6  Teodora Orcilla
   2975 Winwood Way
7  San Jose, CA 95148

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28